# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| RANDALL BROWNLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| COOSA COUNTRY CLUB CORPORATION, | ) | 4:17-cv-8-HLM |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff RANDALL BROWNLOW ("PLAINTIFF") hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation on the grounds stated below.

### *Jurisdiction and Venue*

1. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because PLAINTIFFS' claims for unpaid overtime arise under the laws of the United States, and 29 U.S.C. § 216(b) which allows actions arising under the FLSA to be maintained in any federal court of competent jurisdiction.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

- 1 -

## *The Parties*

3. At all relevant times, PLAINTIFF was a resident of Rome, Floyd County, Georgia.

4. At all relevant times, Defendant COOSA COUNTRY CLUB CORPORATION ("DEFENDANT"), was a Georgia corporation doing business in the Northern District of Georgia, Rome Division.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served through its registered agent for service of process: Robert Kane, 30 Virginia Cir. SW, Rome, GA 30161.

## *Grounds for this Action*

7. PLAINTIFF is a former employee of DEFENDANT.

8. PLAINTIFF was employed by DEFENDANT from on or about July 2013 to on or about October 2014.

9. PLAINTIFF was employed as a Bartender Manager by DEFENDANT.

10. DEFENDANT classified PLAINTIFF's position as exempt for purposes of overtime compensation under the FLSA.

11. DEFENDANT compensated PLAINTIFF with a salary for all hours in a workweek.

12. PLAINTIFF's primary job duties as a Bartender Manager did not involve the exercise of independent judgment.

13. PLAINTIFF was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

14. During PLAINTIFF's employment, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

15. During PLAINTIFF's employment, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

16. During each year of PLAINTIFF's employment, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

17. During each year of PLAINTIFF's employment, DEFENDANT had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications.

18. During each year of PLAINTIFF's employment, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

19. As DEFENDANT's employee, PLAINTIFF engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the instrumentalities of

interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communication.

20. As DEFENDANT's employee, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

21. During PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

22. At various times, PLAINTIFF worked more than 40 hours in a workweek during his employment by DEFENDANT.

23. DEFENDANT did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

24. DEFENDANT and DEFENDANT's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek.

25. At various times, PLAINTIFF's actual hours worked in a workweek ranged from the low 40's to more than 70 hours, with DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

## *CLAIM AGAINST THE DEFENDANT*

### Count 1
### *29 U.S.C. § 207(a)*
### (Unpaid Overtime Compensation)

26. PLAINTIFF re-alleges and adopts Paragraphs 1-25 above and incorporates them by reference herein.

27. By engaging in the conduct alleged above in Paragraphs 22-25, DEFENDANT violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

28. By engaging in the conduct alleged above in Paragraphs 22-25, DEFENDANT willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

29. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 22-25, PLAINTIFF was not paid all overtime compensation properly due them as required by the FLSA.

30. DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

31. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 22-25, PLAINTIFF is entitled to recover unpaid

overtime compensation and an additional equal amount as liquidated damages, post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

### ***PRAYER FOR RELIEF***

WHEREFORE, plaintiff RANDALL BROWNLOW respectfully prays that this Court enter judgment in his favor and against DEFENDANT for:

A. All amounts of unpaid overtime compensation that PLAINTIFF would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

B. An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

C. All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1) The time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFF under the FLSA;

(2) The time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of

PLAINTIFF under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3) The time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

(4) The time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

D. Post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action, as authorized by law.

E. All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**s/ *Marc Garber***
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

***Attorneys for the Plaintiff***